IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| E. PAYSON DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 00-JEO-1259-S |
| | ) | |
| JEFFERSON COUNTY, ALABAMA; | ) | |
| JEFFERSON COUNTY COMMISSION; | ) | |
| JEFF GERMANY, | ) | |
| | ) | |
| Defendants. | ) | |

FILED
00 JUL 31 PM 3: 23
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 31 2000

## MEMORANDUM OPINION

This matter is before the court on the motions filed by defendants Jefferson County and Jeff Germany ("the defendants") to dismiss the complaint filed by E. Payson Daugherty ("the plaintiff"). (Docs. 2, 3). Upon consideration of the same, the court finds that the motions are due to be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff alleges that he had a contract with Team Health under which he served as the Medical Director of the Emergency Department ("ER") at Cooper Green Hospital ("Cooper Green"). Team Health, in turn, had a contract with Cooper Green to provide emergency physicians and a Medical Director for the ER. According to the complaint, the Jefferson County Commission and, more particularly, Jeff Germany, "have significant oversight and control over Jefferson Health Services, which operates Cooper Green Hospital." (Comp. ¶ 3).

The plaintiff further alleges that defendant Germany contacted Team Health in 1998, requesting a $10,000 contribution for a heritage street festival. (¶ 4). Team Health initially did not respond. However, about May 2, 1999, Germany "demanded that the Plaintiff have Team

Health make a 'minimum $10,000 contribution.'" (*Id.*). Team Health contributed only $5,000. The complaint states that, "Germany [then] insisted that [the] plaintiff be removed and replaced as Medical Director of the Emergency Department. Thereafter, [the p]laintiff was removed from this position at the further request of the Medical Director of Cooper Green Hospital under pressure from the Defendants." (*Id.*).

The complaint alleges that the defendants "acted under color of authority and violated [the p]laintiff's civil rights in violation of 42 U.S.C. § 1983." (Comp. ¶ 6). The plaintiff premises his section 1983 claim upon a deprivation of his Fourteenth Amendment right to due process and to equal protection. The complaint further alleges various state law claims, including conspiracy, intentional interference with the contract and business relationship between the plaintiff and Team Health and negligence. (Comp. ¶ 5, 7, 8, 9).

## II. MOTIONS TO DISMISS

### A. Standard

The Eleventh Circuit Court of Appeals in *Beck v. Deloitte & Touche*, 144 F.3d 732 (11th Cir. 1998), stated the usual standard to be applied in evaluating a motion to dismiss filed pursuant to *Fed. R. Civ. P.* 12(b)(6):

> In evaluating the sufficiency of a complaint, a court "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *St. Joseph's Hosp[ital, Inc. v. Hospital Corp. of America]*, 795 F.2d [948] at 954 [(11th Cir. 1986)]. A court should not dismiss a suit on the pleadings alone "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). In seeking dismissal for failure to state a viable claim, a defendant thus bears the "very high burden" of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

*Beck*, 144 F.3d at 735-36.

**B. Due Process**

In *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1110 (1995), the court addressed the viability of section 1983 claims premised on the Due Process Clause of the Fourteenth Amendment. The court stated:

> The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court's interpretation of this clause explicates that the amendment provides two different kinds of constitutional protection: procedural due process and substantive due process. *Cf. Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L. Ed. 2d 100 (1990). A violation of either of these kinds of protection may form the basis for a suit under section 1983. *Id.*
>
> The substantive component of the Due Process Clause protects those rights that are "fundamental," that is, rights that are "implicit in the concept of ordered liberty," *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S. Ct. 149, 152, 82 L. Ed. 288 (1937). [ ] The Supreme Court has deemed that most--but not all--of the rights enumerated in the Bill of Rights are fundamental; certain unenumerated rights (for instance, the penumbral right of privacy, *see Planned Parenthood v. Casey*, 505 U.S. 833, ----, 112 S. Ct. 2791, 2807, 120 L. Ed. 2d 674 (1992)) also merit protection. It is in this framework that fundamental rights are incorporated against the states. [ ] A finding that a right merits substantive due process protection means that the right is protected "against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v. City of Harker Heights*, 503 U.S. 115, ----, 112 S. Ct. 1061, 1068, 117 L. Ed. 2d 261 (1992) (*quoting Daniels v. Williams*, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986)).
>
> Although the Supreme Court has extended substantive due process protection to certain unenumerated rights, it has not extended Fourteenth Amendment coverage to a host of other areas. In fact, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this uncharted area are scarce and open-ended. The doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field. *Collins*, 503 U.S. at ----, 112 S. Ct. at 1068 (citation omitted). Hence, remaining largely outside the scope of substantive due process jurisprudence are tort law, *see Daniels*, 474 U.S.

>at 332, 106 S. Ct. at 665, and public employment law, *see, e.g.*, *Bishop v. Wood*, 426 U.S. 341, 350, 96 S. Ct. 2074, 2080, 48 L. Ed. 2d 684 (1976), and *Board of Regents v. Roth*, 408 U.S. 564, 577-78, 92 S. Ct. 2701, 2709-10, 33 L. Ed. 2d 548 (1972).
>
>   In short, areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because "substantive due process rights are created only by the Constitution." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S. Ct. 507, 515, 88 L. Ed. 2d 523 (1985) (Powell, J., concurring). As a result, these state law based rights constitutionally may be rescinded so long as the elements of procedural--not substantive--due process are observed.

*McKinney*, 20 F.3d at 1555-57 (footnotes omitted). In *Skinner v. City of Miami*, 62 F.3d 344, 347 (11th Cir. 1995), *cert. denied*, 520 U.S. 1165 (1997), the court stated, "Tort law is one such area that remains largely outside the scope of substantive due process jurisprudence." In *Flint Electrical Membership Corp. v. Whitworth*, 68 F.3d 1309, 1313 (11th Cir. 1995), *modified on other grounds*, 77 F.3d 1321 (11th Cir. 1996), the court again noted that in *McKinney* "the court held that § 1983 substantive due process claims arising from nonlegislative deprivations of state-created property interests are no longer cognizable in this circuit."

### 1. Substantive Due Process

To the extent that the plaintiff asserts that his section 1983 claim arises under substantive due process because he asserts a property right in his continued employment, the court must find otherwise. The Eleventh Circuit has made it clear that because "employment rights are state-created rights and they are not 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection." *McKinney*, 20 F.3d at 1560. The plaintiff's claims, to the extent he asserts a right to employment under his contract with Team Health and to the extent he asserts that the defendants have interfered with that contractual relationship, are founded on

4

state-created rights that are not protected by the substantive due process protections of the United States Constitution. Therefore, they cannot form the basis for his claim for relief and must be dismissed.

### 2. Procedural Due Process

Reading the complaint liberally, the plaintiff also asserts that the defendants denied him procedural due process of law. Supporting this claim, the plaintiff asserts, among other matters:

> Plaintiff should not be forced to go to Jefferson County courts to assert his protected rights which were violated by the commissioner of that same county. This coercion and pressure to cause plaintiff's termination meets the state compulsion test where defendants have coerced or encouraged the action at issue.

(Doc. 7, p. 3).

In *McKinney*, the court noted that "a procedural due process violation is not complete 'unless and until the State fails to provide due process'. . . . In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *Id.*, at 1557 (citation omitted). *Accord, Flint Elec. Membership Corp.*, 68 F.3d at 1313. If an adequate state process is available to rectify the deprivation, the purported violation is not actionable under section 1983. *Flint Elec. Membership Corp.*, 68 F.3d at 1313.

The plaintiff could have challenged the defendants' actions in the Circuit Court for Jefferson County. Although that forum may not be the forum he chooses to bring such an action, that reluctance is not sufficient to permit this court to conclude that the state courts do not provide him with an adequate remedy to pursue his claims. To the contrary, despite his

protestations, this court finds that the state court is an available and appropriate forum for redressing the alleged wrong. Therefore, this court must conclude as a matter of law that the plaintiff has not alleged a procedural due process violation and that he cannot do so, given the facts he has presented to the court. Therefore, this claim for relief must be dismissed.

### C. Equal Protection

The plaintiff next asserts that the defendants have denied him equal protection of the law. (Comp. ¶ 5). The complaint, however, fails to specify how the defendants denied him this protected right. The brief in opposition to the defendants' motions and the arguments at the hearing on the motions fail to satisfy the court that the conclusory claim is sufficiently supported by facts that would support a claim for relief. Accordingly, this claim also is due to be dismissed.

### III. CONCLUSION

For the foregoing reasons, the court finds that the defendants' motions to dismiss are due to be granted. As the plaintiff's federal claims are thus due to be dismissed, the court further declines to exercise its supplemental jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c)(3).

The parties shall bear their respective costs.

**DONE,** this the 31ST day of July, 2000.

/s/ John E. Ott
JOHN E. OTT
UNITED STATES MAGISTRATE JUDGE